1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN JEROME HARRIS JR.,

Plaintiff,

v.

TOYOTA MOTOR SALES U.S.A., et al.,

Defendants.

Case No.  21-cv-09570-JCS

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Re: Dkt. Nos. 1, 2

## I.      INTRODUCTION

Plaintiff Kevin Jerome Harris Jr., pro se, applies to proceed in forma pauperis.  *See* dkt. 2.  Sufficient cause having been shown, that application is GRANTED.

The Court now reviews the sufficiency of Harris's complaint against Defendants Toyota Motor Sales U.S.A. and Vancouver Toyota[1] under 28 U.S.C. § 1915(e)(2)(B).  Harris is ORDERED TO SHOW CAUSE why his complaint should not be dismissed for the reasons discussed below.  No later than January 10, 2022, Harris must file either an amended complaint curing the deficiencies addressed in this order or a response arguing why his current complaint is sufficient.  If Harris does not file such a response or his response fails to cure the deficiencies addressed herein, the case will be reassigned to a United States district judge with a recommendation for dismissal.

## II.     THE COMPLAINT

Because a plaintiff's allegations are generally taken as true in resolving the sufficiency of a complaint, this section summarizes the allegations of Harris's complaint as if true.  Nothing in this

---

[1] This defendant is also referenced as "Toyota of Vancouver" in Harris's complaint, apparently referring to the same entity.

order should be construed as resolving any issue of fact that might be disputed.

On an unspecified date, Harris was driving on Interstate 84 at a speed of eighty miles per hour.  Compl. (dkt. 1) at 3.  His brakes failed, and he swerved into the shoulder, damaging the bumper of his car.  *Id.*  As a result, Harris was "completely deterr[ed] . . . from the progression of [his] work," and his life was placed at risk.  *Id.* at 3–4.  He took his car to a certified Toyota dealership—apparently Defendant Vancouver Toyota, in Vancouver, Washington—where he was charged a diagnosis fee that he could not afford and was quoted $4,500 to repair the brake compressor and tune up the car.  *Id.* at 4.  Harris continues to experience anxiety regarding how he could have been killed when the brakes failed, and his career as a delivery driver has suffered.  *Id.* at 4–5.

Harris asserts a claim for "Personal Injury – Product Liability" against Toyota Motor Sales U.S.A., and a claim under the False Claims Act, 31 U.S.C. §§ 3792–33, against Vancouver Toyota, asserting that Vancouver Toyota charged him for a loaner vehicle while his car was in for repairs and accused Harris of stealing that vehicle.  Compl. at 5–6.

## III.    ANALYSIS

### A.    Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements."  *Ashcroft v. Iqbal*, 556

United States District Court
Northern District of California

1   U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A pleading

2   that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

3   will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  The pertinent question is whether the

4   factual allegations, assumed to be true, "state a claim to relief that is plausible on its face."

5   *Twombly*, 550 U.S. at 570.

6          Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must

7   "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v.*

8   *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  "A district court should not dismiss a

9   pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the

10  complaint could not be cured by amendment.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

11  2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

12          **B.      Harris Has Not Established Subject Matter Jurisdiction**

13          Federal district courts are courts of limited jurisdiction, and may only hear cases falling

14  within their subject matter jurisdiction.  Two of the most common grounds for federal subject

15  matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, which encompasses

16  claims arising from federal law, and diversity jurisdiction 28 U.S.C. § 1332(a), which

17  encompasses cases where no plaintiff is a citizen of the same state as any defendant and the

18  amount in controversy exceeds $75,000.  Here, Harris has asserted only diversity jurisdiction

19  under § 1332, but he has not met his burden to show either that there is complete diversity of

20  citizenship or that the amount in controversy exceeds $75,000.

21          Harris's complaint includes no allegations of the citizenship of any party, instead listing

22  only addresses for each party: his own address in North Carolina, Toyota Motor Sales U.S.A.'s

23  address in Texas, and Vancouver Toyota's address in Washington.  An individual's citizenship for

24  the purpose of diversity jurisdiction is determined by their state of domicile, i.e., the state where

25  the individual last lived and intended to remain.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853,

26  857 (9th Cir. 2001).  Without more, Harris's address does not necessarily establish that he is

27  domiciled in North Carolina.  *See id.*  The test for citizenship of a corporate entity depends on the

28  type of entity.  A corporation, for example, is a citizen of the state where it is incorporated and the

state where it has its principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018). A limited liability company, on the other hand, is a citizen of each state where its members or owners are citizens. *Id.* at 465. Harris has not included sufficient allegations to determine the corporate forms or the states of citizenship of either defendant, and thus has not shown that there is complete diversity of citizenship between the parties. Moreover, while Harris's allegations regarding emotional distress and loss of employment could perhaps bring the amount in controversy above the $75,000 threshold, he has not included sufficient factual allegations to determine whether that is the case. Harris thus has not met his burden to show that jurisdiction for this case lies under § 1332.

Harris's second claim under the False Claims Act could give rise to federal question jurisdiction under 28 U.S.C. § 1331, which might then support supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a). Harris has not asserted jurisdiction under either of those statutes. His federal claim appears to be subject to dismissal for the reasons stated below, and it does not appear likely that he could cure the defects in that claim through amendment. In the event that all claims falling within a district court's original jurisdiction are dismissed before trial, courts will generally decline to exercise supplemental jurisdiction over any remaining state law claims.

Harris is therefore ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction

### C.     Harris Has Not Established Personal Jurisdiction Over Defendants

Personal jurisdiction depends on both substantive law and constitutional due process considerations. "Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."[2] *Dole Food Co., Inc.*

---

[2] The False Claims Act provides that a case may be "brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred," with summons to be served at any place in the world. 31 U.S.C. § 3732(a). Courts have differed as to whether or how that provision implicates the test for personal jurisdiction. *See, e.g., United States ex rel. N. Santiam Watershed Council v. Kinross Gold USA, Inc.*, No. C 96-3673 THE, 1998 WL 118176, at *3 (N.D. Cal. Mar. 9, 1998) (holding that the connection to a district required by § 3732(a) is statute-specific test for personal jurisdiction, somewhat broader than the standard test); *United States ex*

United States District Court
Northern District of California

1 | *v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). "Because California's long-arm jurisdictional

2 | statute is coextensive with federal due process requirements, the jurisdictional analyses under state

3 | law and federal due process are the same." *Dole Food*, 303 F.3d at 1110 (citing Cal. Civ. Proc.

4 | Code § 410.10).

5 | "For a court to exercise personal jurisdiction over a non-resident defendant, that defendant

6 | must have at least 'minimum contacts' with the relevant forum such that the exercise of

7 | jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at

8 | 1110−11 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In judging minimum

9 | contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the

10 | litigation.'" *Calder v. Jones*, 465 U.S. 781, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186,

11 | 204 (1977)).

12 | Personal jurisdiction may be either general or specific. *See Bancroft & Masters, Inc. v.*

13 | *Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Supreme Court has explained that a

14 | "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to

15 | hear any and all claims against them when their affiliations with the State are so 'continuous and

16 | systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires*

17 | *Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe*, 326 U.S. at 317). On the

18 | other hand, "[s]pecific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the

19 | underlying controversy,' principally, activity or an occurrence that takes place in the forum State

20 |

21 | *rel. Alexander v. Dyncorp, Inc.*, 924 F. Supp. 292, 297 (D.D.C. 1996) (same); *United States ex rel.*

22 | *McCarthy v. Straub Clinic & Hosp., Inc.*, 140 F. Supp. 2d 1062, 1071 (D. Haw. 2001) (holding
that § 3732(a) addresses only venue and does not alter the standard state-specific test for personal

23 | jurisdiction); *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 177 (D.
Md. 2019) (holding that because § 3732(a) authorizes nationwide service of process, the

24 | appropriate test for personal jurisdiction is whether a defendant's connections to the United States
as a whole satisfy due process, with the statute's requirement for connections to a particular

25 | district instead addressing venue); *United States ex rel. Silingo v. Mobile Med. Examination*
*Servs., Inc.*, No. SA CV 13-1348 FMO (SHx), 2015 WL 12752552, at *4 (C.D. Cal. Sept. 29,

26 | 2015) (same); *U.S. ex rel. Vallejo v. Investronica, Inc.*, 2 F. Supp. 2d 330, 334 (W.D.N.Y. 1998)
(same). Harris is unlikely to be able to cure the substantive defects in his False Claims Act claim

27 | discussed below, and cannot rely on that statute for personal jurisdiction as to whatever other
claims he might be able to assert based on the facts at issue. Harris also has not alleged a

28 | sufficient connection to this district to meet § 3732(a)'s test, regardless of whether that test is best
considered one of venue or personal jurisdiction.

and is therefore subject to the State's regulation." *Id.* (alteration in original; citation omitted). Thus, "[i]n contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (citation and internal quotation marks omitted).

Here, Harris has not alleged that either defendant has sufficient contacts with California to be essentially at home in this state for the purpose of general personal jurisdiction, or that any events at issue occurred in this state such that specific personal jurisdiction might be appropriate. Instead, he alleges that his brakes failed while he was driving on Interstate 84, which does not pass through California, and that the events at issue occurred in "Clark County," which does not exist in California. Harris is therefore ORDERED TO SHOW CAUSE why the case should not be dismissed for lack of personal jurisdiction over either defendant.

### D.  Harris Has Not Shown That Venue Is Proper

Cases in federal court must generally be brought in either the district where a defendant resides (if all defendants reside in the same state) or the district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). As discussed above in the context of personal jurisdiction, Harris has not alleged any connection to this district either with respect to the defendants' residence or with respect to the events giving rise to his claims. Harris is therefore ORDERED TO SHOW CAUSE why this case should not be dismissed, or perhaps transferred to a different district, for improper venue.

### E.  Harris States No Claim Under the False Claims Act

Harris's second claim, and the only claim he asserts under federal law, is against Vancouver Toyota under the False Claims Act. That statute applies to false claims submitted to the government of the United States—or in other words, obtaining federal funds through fraud— not to false statements more generally. *See, e.g.*, *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 181–82 (2016). Harris has not alleged that any defendant submitted a false claim for payment to the United States. He is therefore ORDERED TO SHOW CAUSE why this claim should not be dismissed with prejudice for failure to state a claim on which relief may be granted.

United States District Court
Northern District of California

6

1

**IV.     CONCLUSION**

2

For the reasons discussed above, Harris is ORDERED TO SHOW CAUSE why his

3

complaint should not be dismissed, by filing either an amended complaint or a response arguing

4

why his current complaint is sufficient, no later than January 10, 2022.

5

Any amended complaint must include the caption and civil case number used in this order

6

(21-cv-09570) and the words FIRST AMENDED COMPLAINT on the first page.  Because an

7

amended complaint completely replaces the previous complaint, any amendment may not

8

incorporate claims or allegations of Harris's original complaint by reference, but instead must

9

include all of the facts and claims Harris wishes to present and all of the defendants he wishes to

10

sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

11

Harris is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for

12

assistance as he continues to pursue this case.  Lawyers at the Help Desk can provide basic

13

assistance to parties representing themselves but cannot provide legal representation.  Although in-

14

person appointments are not currently available due to the COVID-19 public health emergency,

15

Harris may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a

16

telephonic appointment.

17

**IT IS SO ORDERED.**

18

Dated: December 13, 2021

19

20

JOSEPH C. SPERO
Chief Magistrate Judge

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

7